CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED for Ch'ville
APR 0 5 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SILVER RING SPLINT CO., *Plaintiff,* v. DIGISPINT, INC., *Defendant.* | CASE NO. 3:06-CV-00065 <br><br> OPINION AND ORDER <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's January 23, 2007 Motion to Dismiss. For the reasons set forth below, this motion will be DENIED.

## BACKGROUND

This is a case of copyright and trade dress infringement, as well as unfair trade practices, brought against a Canadian corporation in a U.S. court. Plaintiff alleges that the design of their products as well as the look of their catalogs has been pilfered to their economic detriment. Defendant has replied to the complaint with a motion to dismiss under Rule 12(b)(2), alleging a lack of personal jurisdiction due to a shortage of contacts with Virginia. The contacts themselves, by Defendants admission, consist of a single sale in Culpeper County, Virginia, maintenance of a website which is accessible to Virginians, a "spam" email which may have been sent to Virginians, distribution of information at trade shows within the United States, possibly to Virginians, and a continued willingness to do business with Virginians, should any choose to contact Defendant. Plaintiff also alleges but provides no evidence of the placement of

a magazine advertisement which may have been read in Virginia.

## DISCUSSION

The personal jurisdiction inquiry traditionally proceeds in two steps: analysis of a state's long-arm statute, to determine if it authorizes the case in state courts of general jurisdiction, and an inquiry into the constitutional reasonableness of an exercise of jurisdiciton. Because Virginia's long-arm statute has been held to extend as far as the Constitution allows, this inquiry may be completed in one step. *Young v. New Haven Advocate*, 315 F.3d 256, 261 (4th Cir 2002).

Personal jurisdiction may be exercised over nonresident defendants only when they have sufficient contacts with the forum state as to not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Company v. Washington*, 326 U.S. 310, 316 (1945). A considerable body of law has developed to explain just what contacts are adequate. Specific jurisdiction is available when the contacts with the state form the basis of the suit, while general jurisdiction is available only when contacts are so pervasive as to justify jurisdiction on matters unrelated to those contacts. *Carefirst of Md, Inc. v. Carefirst Pregnancy Centers, Inc.*, 330 F.3d 390, 397 (4th Cir 2003). It should be clear from the outset that if general jurisdiction were found in this case, the limitations on personal jurisdiction would be essentially obliterated for any but the smallest, most local business. To justify general jurisdiction, contacts must be "continuous and systematic," which a website, some limited promotional activities, and a single sale are not. *ALS Scan, Inc. v. Digital Services Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002). The question is thus one of specific jurisdiction.

The Fourth Circuit has established three elements of specific jurisdiction: 1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; 2) whether the plaintiffs' claims arise out of those activities directed at the State; and 3)

whether the exercise of personal jurisdiction would be constitutionally reasonable. *ALS*, 293 F.3d at 712.

Although Defendant denies it, there is no question that completing a sale in Virginia constitutes "purposeful availment" of the privilege of conducting activities in this state. A single sale is sufficient. *Peanut Corp. Of Am. v. Hollywood Brands Inc.*, 696 F.2d 311, 314 (4th Cir 1982); *Kolbe, Inc. v. Chromodern Chair Co., Inc.*, 211 Va. 736, 740, 180 S.E.2d 664, 667 (1971) . This rule makes perfect sense for suits arising out of the sale in question. Had the customer failed to pay promptly for the order, Defendant could, and probably would, have sued in a Virginia court. Had the product been stolen from a customer's doorstep, Virginia authorities would have been expected to assist in its recovery, and a suit for conversion would lie in Virginia courts. That is precisely what is meant by "purposeful availment." If the splints delivered to Virginia had been defective, or if they had not been delivered at all even though payment was made, Defendant could not complain of being haled into court here by a dissatisfied customer.

However, the Virginia long-arm statute provides, "When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him." Va. Code § 8.01-328.1(C). Even if a single sale is grounds for the exercise of jurisdiction, Plaintiff has not established that this suit arises out of the sale. It is useful to consider what might be the effect on the present suit if Defendant if no sale had ever been made in Virginia. Would this failure to make a sale vitiate the cause of action? Certainly not. Defendant would still be (allegedly) violating Plaintiff's intellectual property rights in all 50 states, and subject to suit on that ground. This hypothetical shows that the cause of action does not actually arise out of the sale itself, which is instead mere happenstance.

Since it is Defendant's marketing activities which actually give rise to the cause of action,

it is on those activities which Plaintiff must rely in satisfying the *International Shoe* test. Since the Internet has now made the websites of even the most locally-oriented business available in the farthest reaches of the Earth regardless of the wishes of their owners, courts have begun to define the necessary elements of a website which will subject its owner to personal jurisdiction in US courts.

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, *the exercise of jurisdiction is determined by examining the level of interactivity* and commercial nature of the exchange of information that occurs on the Web site.

*Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997) (emphasis added) (Citations omitted). The Fourth Circuit adopted the "Zippo test" with a slight modification:

> Thus, adopting and adapting the Zippo model, we conclude that a State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the *manifested intent of engaging in business or other interactions within the State*, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts.

*ALS Scan, Inc. v. Digital Services Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002) (emphasis added). As the italicized portions of both opinions show, the Fourth Circuit concerns itself more with intent than interactivity. *See Graduate Management Admission Council v. Raju*, 241 F. Supp. 2d 589, 594 (E.D.Va 2003). This is in agreement with the notion of "purposeful availment" discussed above. A highly interactive website which contained a disclaimer "Offer

not valid in Virginia" could hardly be grounds for jurisdiction in this state.

In *Raju*, the court considered a case very similar to this one, in which the owner of a website offered copyrighted materials for sale to customers throughout the world, including at least two in Virginia. *Id* at 590-92. The website clearly targeted U.S. customers, but could not be said to have targeted Virginians specifically, even though Virginians could place orders and expect them to be filled. *Id* at 595-96. No personal jurisdiction was found. *Id*. This Court is entirely in accord with the *Raju* court on this question. The fact that a website is *available* in Virginia–and even the fact that it is used by Virginians–is not the same as an intentional direction of activities toward Virginia sufficient to meet the *ALS* test.

Despite a lack of ordinary contacts with Virginia, jurisdiction is still proper if Plaintiff can show proper service and 1) issues arising under Federal law, 2) adequate minimum contacts with the United States at large to support jurisdiction in U.S. courts, but 3) inadequate contacts with any single state to support jurisdiction in those courts. Fed. R. Civ. Proc. 4(k)(2). This seemingly contradictory state of affairs arises when a foreign entity purposefully avails itself of the protection of U.S. law by directing activity towards the country at large, but, because contact is divided by 50, does not reach a jurisdictional level of contact with any individual state. The rule is particularly well suited to website cases such as this one. Rare is the non-U.S. website that vigorously pursues customers in only a single state; many do not even acknowledge the existence of individual states. Yet it would be unjust to escape jurisdiction in U.S. courts for violations of U.S. law by those who seek its protection in other contexts.

Service was not raised in Defendant's first responsive pleading and therefore the issue is waived. Fed. R. Civ. Proc. 12(h)(1). Copyright and trade dress cases arise under Federal law; the whole of Title 17 of the United States Code concerns the former, and Chapter 22 of Title 15

includes the relevant provisions governing the latter. The disputed issues are therefore limited to the existence of minimum contacts with the United States and the several states.

The Defendants have neither admitted nor denied that they have purposefully availed themselves of the protection of U.S. law. By their own account, they have attended at least two tradeshows in the United States, one hosted by the "American Society of Hand Therapists,"[1] sold at least two of its products in the United States, and sent marketing emails to the ASHT membership. If these were the only activities which Defendant had conducted, it would be a close question as to whether they had satisfied the due process requirement of minimum contacts. Of course Defendant knows perfectly well what activities it has conducted in the United States, and is leaning on the thin reed of legal technicality when it asserts that "there is no evidence" of further activities. Of course there is no evidence; Plaintiff has no access to the records of Defendant, and Defendant has not yet answered to admit or deny the allegation of the complaint.

The second prong of the 4(k)(2) test is a lack of fora within the Unites States where personal jurisdiction is appropriate. If a state can be found where jurisdiction is proper, then litigation must take place in that state; only if no such state exists can Rule 4(k)(2) allow jurisdiction in any state at all. Although the burden of proving jurisdiction is typically on the Plaintiff, it would be impractical and wasteful to require the plaintiff to prove that jurisdiction is lacking in the other 49 states, the District of Columbia, Puerto Rico, and Guam. To do so would require detailed discovery burdensome to both parties and which has no relation to the issues in the complaint. Furthermore, Defendant knows very well what activities it has conducted in the other 49 states, and deliberate coyness as to these activities is not a justification for denying

---

[1] Defendant indicates the the ASHT is based in Chicago. There is no other evidence as to the character of this organization, but its headquarters in Illinois and conduct and tradeshows in Georgia show that it is not an exclusively Canadian association.

jurisdiction here. Accordingly, the burden is more properly placed on Defendant to come forward with evidence that another forum would be correct. *See ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001). Other district courts in the Fourth Circuit have taken the opposite view, but this Court finds their reasoning unpersuasive, and in the absence of binding Circuit precedent,[2] declines to adopt it. *See Saudi v. Northrop Grumman Corp.*, 221 F.R.D. 452, 457-58 (E.D. Va. 2004); *Hill-Rom Servs. v. Verses Technology, Inc.*, 2006 WL 1540851, 2006 U.S. Dist. LEXIS 36477 (M.D.N.C. June 2, 2006). In particular, these cases both include evidence of extensive contacts with other fora which are absent from this case.

## CONCLUSION

Due process is not satisfied by the exclusively Virginian contacts which are in the record. However, it is manifest that other facts, not before the Court, can show definitively whether jurisdiction under Rule 4(k)(2) satisfies the minimum contacts requirement with the United States at large, and whether another state is the appropriate forum for this litigation. Accordingly, the parties are hereby ORDERED to conduct discovery limited to the question of personal jurisdiction under that rule over the next 90 days. Plaintiff shall bear the burden of persuasion on all issues. However, once minimum contacts with the United States as a whole have been established, Defendant shall bear the burden of production on the question of whether it has sufficient contacts with another state to satisfy the requirements of due process and that state's long-arm statute.

---

[2]There are two Fourth Circuit cases related to this question. *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271 (4th Cir 2005); *Base Metal Trading v. Ojsc Novokuznetsky Aluminum Factory*, 283 F.3d 208 (4th Cir 2002). Both of these cases state in dicta that the plaintiff must prove an absence of jurisdiction in other states. However, neither relies on that statement in the decision, nor do they consider the best allocation of burdens in connection with the Rule 4(k)(2) inquiry, because the facts of the cases do not require it.

The Motion to Dismiss is DENIED at this time, but will be entertained again after jurisdictional discovery.

The parties are directed to contact Heidi Wheeler at (434)296-9284 to schedule another hearing to take place within 90 days of the entry of this Order.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of record.

ENTERED: /s/ *signature*

U.S. District Judge

April 5, 2007
Date