CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 01 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SILVER RING SPLINT COMPANY, | CASE NO. 3:06CV00065 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| DIGISPLINT, INC., | |
| Defendant. | By: B. WAUGH CRIGLER<br>U.S. MAGISTRATE JUDGE |

This action is before the undersigned in accordance with an Order entered by the presiding District Judge on June 18, 2008 referring a determination of the amount of costs and attorney's fees which were awarded to plaintiff for its successful pursuit of its copyright infringement claim against defendant. (Dkt. No. 70.) On June 19, 2008, the undersigned entered an Order setting a schedule for filing briefs in support of and in opposition to plaintiff's claim for fees and costs and dispensing with a hearing on the matters. (Dkt. No. 72.) There has been no request for a hearing, nor has either side objected to the undersigned's determining the matter without a further hearing.

Silver Ring Splint Company ("'plaintiff' or "Silver Ring") filed its "Memorandum in Support Of Costs and Attorneys' Fees" ("Pl's Memorandum") on June 30, 2008 (Dkt. No. 73), and the defendant ("Digisplint") filed a "Response And Opposition To Silver Ring's Memorandum In Support Of Costs and Attorneys' Fees" ("Def's Response") on July 21, 2008, objecting primarily to the claim for attorneys' fees on several grounds, though it did not proffer what it believes plaintiff's reasonable fees should be (Dkt. No. 74). For the reasons set forth below, the defendant's objections hereby are OVERRULED in their entirety, and the undersigned

DETERMINES that plaintiff shall have and recover against defendant its attorneys' fees in the amount of $52,080.70 and costs in the amount of $1,522.23 or a total of $53,602.93.

**DISCUSSION**

There is little more the undersigned can add to the reasons awarding plaintiff's fees and costs limited to copyright violations under 17 U.S.C. § 505 the presiding District Judge already has set forth in his June 18, 2008 Memorandum Opinion. Statutorily, fees and costs can be awarded only upon findings of willful infringement or bad faith, the unreasonableness of the alleged infringer's legal and factual positions advanced in the case, the need to advance compensation and deterrence, and other relevant factors militating in favor of a § 505 award. Suffice it to say, the presiding District Judge weighed Digisplint's conduct relating to plaintiff's copyright claim against these standards and found its conduct woefully wanting. Digisplint's opposition here appears simply to reprise the positions taken all along in the case, with minor and inconsequential modifications.

In light of the fact that the gross attorneys' fees charged by Silver Ring's counsel included charges related to the case as a whole, Silver Ring retained the services of Robert Angle, Esq. He is a partner in Troutman Sanders, LLP and a specialist in complex commercial litigation and intellectual property litigation,[1] and he was asked to opine on the reasonableness of plaintiff's costs and fees. For the reasons he sets forth, Mr. Angle determined that a reasonable fee for the services rendered on the copyright claim would be $52,080.70, with costs of $1,522.93. (Pl's

---

[1] Mr. Angle's qualifications and credentials to render opinions on the practice areas and attorneys' fees associated with those areas are not disputed and have been accepted by Digisplint. Nevertheless, it does question several substantive aspects of Mr. Angle's opinion.

2

Memorandum, p. 3; Declaration of Robert Angle ("Angle Decl."), p. 17.) In arriving at these conclusions, Angle opined that the hourly rates charged by Bryan Wright, Esq., plaintiff's lead counsel, his associates and paralegal staff working on the case for the period of October 2006 through the present time were well within the prevailing market ranges in the locale and were reasonable for the experience level of each attorney practicing in the field of intellectual property. (Angle Decl., pp. 10-11.) In addition, he assessed the reasonableness of the time spent on matters the trial court found compensable, and likewise found the time and effort devoted to the compensable aspects of the case were not excessive or unwarranted but "quite reasonable." (*Id.* at p. 15.)

Digisplint concedes Mr. Angle's credentials, and it has tendered no counterveiling evidence to that offered by him. Instead, its counsel simply has elected to challenge the merits of his declaration based solely on the conclusory arguments offered by counsel in its July 21, 2008 Response. While they appear only to reprise or recast the same arguments Judge Moon considered before he awarded fees and costs, the undersigned will address them seriatim. First, Digisplint objects to the reasonableness of the fees on the grounds they represent almost twice the amount of statutory damages. It also believes their fees ought to be limited to that time spent preparing Count I of the Complaint, filing and briefing summary judgment issues, and preparing for and presenting evidence on damages.

The undersigned believes that even if, as Digisplint would want the court to characterize it, the fees here represent a law firm's juggernaut through the various processes involved in this case, simply to shift the expense at the end, Digisplint loses sight of the fact that it held and controlled the power to stop the advance. One hardly can read Judge Moon's opinion without

3

coming to the conclusion that Digisplint chose to ignore reality both before and after suit was filed, and then put its head down and steamed full speed ahead through litigation, despite the obviousness of its infringement. Judge Moon found Digisplint's persistent challenge to its liability to have "unreasonably" increased litigation costs. (Dkt. No. 69, p. 17.) The undersigned is not about to allow this defendant now to shift blame for litigation expenses to the plaintiff's counsel for diligently preparing the case in the face of such defiant opposition. Digisplint is not a one-eyed Jack in this court; we have seen the other side of its face.

Its second argument is that the award of $30,000 in statutory damages is a sufficient deterrent to further infringement. Apparently, Judge Moon's finding that an award of fees and costs was necessary to deter "unreasonable and frivolous defenses" yet has to take hold in Digisplint's consciousness because it certainly has not deterred further unreasonable and frivolous opposition by Digisplint to the issues now before the court. (*Id.* at p. 18.) The undersigned is constrained to begin asking what actually might deter this defendant, and the answer keeps coming up, "Certainly not sustaining its objection on this ground."

Digisplint's third argument is almost offensive to the undersigned, for it appears to be a complete misstatement of its efforts to avoid trial by, among other things, making good faith attempts to settle. Had this argument been left solely to the presiding District Judge, there was an outside chance Digisplint could have avoided being called on it. However, the mediation efforts that were engaged in this case took place before the undersigned. Frankly, nothing became more clear during those negotiations than Digisplint's efforts to stonewall all reasonable proposals by plaintiff to settle. If it were not for the fact that current counsel for Digisplint had no personal knowledge of settlement efforts, both before and after the court-authorized mediation, the

4

undersigned would recommend sanctions be imposed on counsel for such a prevarication.

Fourth, Digisplint attempts to throw the proverbial kitchen sink of blame at plaintiff by characterizing plaintiff's fees as "massive" or "purely punitive," by challenging the need for the number of staff working on the case, by emphasizing the lack of Silver Ring's actual damages, and pleading the lack of Digisplint's resources. (Dkt. No. 74, pp. 2-3.) Both plaintiff's lack of actual damages and defendant's alleged lack of resources already have been addressed and dispatched by Judge Moon. Moreover, Digisplint offers no evidence counterveiling to that of Mr. Angle's about the need for and reasonable use of associate and staff-level personnel, just conclusory argument by counsel. His opinion was that none of this time was "excessive or unwarranted." (Angle Decl. p. 16.) By Digisplint's simply saying that it was excessive or unwarranted is unpersuasive, maybe even disingenuous.

Finally, Digisplint complains that Angle's methodology was arbitrary. Again, it offers no counterveiling evidence to that offered by this expert whose credentials are conceded. More telling, Digisplint offers no other methodology that it considers to be more reasonable. Nevertheless, the undersigned independently reviewed Angle's declaration and finds his methodology quite logical and well-seasoned with a great deal of common sense. Angle reviewed billing records and various pleadings and papers from the case, excluding entries from those billing records that clearly were not relevant to the instant claim. For the entries that were not as clear, Angle significantly discounted any potential overlap. Whether one would come to the same ultimate conclusion about the percentage of services attributable to the copyright claim, it is the undersigned's view that his methodology is "spot on." Digisplint's objections on these grounds are overruled.

5

As defendant offers no challenge to Angle's opinion about the amount of costs incurred in the amount of $1,522.23, they will be awarded.

**FINDINGS AND CONCLUSIONS**

For the reasons set forth above, the undersigned hereby DETERMINES that the $52,080.70 in attorneys' fees and $1,522.23 in costs claimed by plaintiff in this case are reasonable. An Order will enter AWARDING said fees and costs with direction to the Clerk of this court to record the award in the judgment book as part of the judgment heretofore entered against Digisplint by the presiding District Judge.

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: _____
United States Magistrate Judge

8-1-08
Date